L. JEROME WILSON *vs.* LEONARD ROWE.

Kennebec.   Opinion October 21, 1899.

*Evidence.   Deed.   Boundaries.*

The declarations of ancient persons while in the possession of land owned by them, pointing out the boundaries on the land itself, and who are deceased at the time of the trial, are admissible evidence when nothing appears to show that they were interested in thus pointing out their boundaries.

ON EXCEPTIONS BY DEFENDANT.

This was a real action to recover the possession of a strip of land, two rods wide and eighty rods long, used as a lane leading from the plaintiff's premises in Oakland to the Neck Road.

It was not denied by the defendant that the plaintiff had the title to a lane two rods wide, but he claimed that it was easterly of

a stone wall which marked the easterly line of the lane as it had been used and traveled, whereas the plaintiff claimed that the stone wall marked the true easterly line of the lane, and also the westerly line of land of Charles Tupper.

In the deed which the plaintiff's father received of this two-rod strip, it was bounded on the east by land of William Tupper, the father of Charles Tupper, so that it became important to fix the westerly line of land of Charles Tupper.

William Tupper and another formerly owned this land, the two-rod strip and the land of the defendant Leonard Rowe, and in 1841, upon the petition of said William Tupper for partition, a certain part was set off to him. After this partition the two-rod strip was conveyed to the plaintiff's father by the owner, to whom the remainder of the undivided land had been set off by the commissioners appointed by the court to make the partition, and this two-rod strip was bounded on the west by land of William Tupper.

It was proved that William Tupper died several years before the trial, and his two sons Sanford J. Tupper and Charles Tupper were allowed to testify, against the objection of the defendant, that when he was the owner of and in possession of this land of Charles Tupper and while on the land and negotiating with them for its sale, he pointed out to them its boundaries, and showed them a stone bowlder in a stone wall which had been built between his land and said two-rod strip, and told them that the bowlder covered a stone monument which marked his northwest corner. They also testified that they had removed this bowlder and found the monument described by their father. The question in dispute was where is Charles Tupper's west line.

The defendant claimed that this Tupper west line was thirty-three rods west of and parallel to the stone wall, as described in the report of the commissioners, and he disclaimed as to all land lying between a line drawn two rods west of what he claimed to be the Tupper west line.

To the admission of the testimony of Sanford and Charles Tupper the defendant's counsel objected and seasonably took exceptions. The verdict was for the plaintiff.

*C. F. Johnson*, for plaintiff.

*S. S. and F. E. Brown*, for defendant.

Counsel cited: *Royal* v. *Chandler*, 83 Maine, 150; *Curtis* v. *Aaronson*, 49 N. J. L. 68; *Ellicott* v. *Pearl*, 10 Pet. 412, 423; *Smith* v. *Forrest*, 49 N. H. 230; *Lawrence* v. *Tennant*, 64 N. H. 532; *Bethea* v. *Byrd*, 95 N. C. 309; 2 Taylor, Evidence, § 634.

SITTING: EMERY, HASKELL, WHITEHOUSE, SAVAGE, FOGLER, JJ.

FOGLER, J. This is a real action to recover possession of a strip of land lying next westerly of a parcel of land owned by one Charles Tupper. The controversy between the parties was as to the location of Tupper's west line. The Tupper lot was formerly owned by William Tupper, who, at the time of the trial, had been dead several years. He conveyed the premises to his two sons, Charles and Sanford. These sons were called as witnesses by the plaintiff and were permitted by the presiding justice to testify, against the defendant's objection, that while they were negotiating with their father, William Tupper, for the purchase of said Tupper lot, he, being the owner in possession and being on the premises, pointed out to them a stone bowlder in a wall, weighing some two tons, and told them that under that bowlder was a rock that marked the western bounds of his parcel of land; and that they, the witnesses had recently removed said bowlder and found under it such a rock as their father had described to them. To such admission of testimony the defendant excepts.

The testimony was competent and properly admitted. This is settled in *Royal* v. *Chandler*, 83 Maine, 150, a case, in principle, precisely in point.

*Exceptions overruled.*